**FILED**
**Sep 25, 2019**
**07:15 AM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| **FREDERICK JOHNSON,** | ) | **Docket No. 2018-08-1394** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ENTERPRISE RENT-A-CAR,** | ) | **State File No. 63023-2018** |
| **Employer,** | ) | |
| **and** | ) | |
| **FARMINGTON CASUALTY CO.,** | ) | **Judge Deana C. Seymour** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

The Court convened an Expedited Hearing on August 30, 2019, to decide Mr. Johnson's entitlement to medical and temporary disability benefits. Enterprise denied benefits, alleging that Mr. Johnson's injuries resulted from prohibited "horseplay" that constituted willful misconduct. For the reasons below, the Court holds that Mr. Johnson is likely to prevail at a hearing on the merits and grants his requested benefits.[1]

### History of Claim

Mr. Johnson testified he worked for Enterprise as a service technician. On August 20, 2018, he noticed a dollar coin on the floor of the wash bay. As his co-worker, Brikena Dimce, backed a van from the bay, Mr. Johnson yelled, "Don't run over the dollar." She stopped and opened her door. Mr. Johnson gestured toward the coin and told Ms. Dimce that he intended to get the dollar, but then he told her to go on. Before she closed her door, Ms. Dimce mistakenly "hit the gas" and struck Mr. Johnson.

Upon learning of the accident, Manager DeAnthony Smith went to the wash bay. He discovered Mr. Johnson somewhat unresponsive, bleeding, and lying four to five feet from the front driver's side of the van. He called 9-1-1, and an ambulance transported Mr. Johnson to Regional One Hospital.

---

[1] The parties stipulated to a weekly compensation rate of $155.04.

According to hospital records, Mr. Johnson suffered scalp and facial lacerations, cervical fractures, and disk extrusions at two levels. He received medication and physical therapy and was discharged on August 29.[2]

Mr. Johnson followed up twice with Dr. Fredrick Pharr. Dr. Pharr took him off work from September 20 to October 20, but Mr. Johnson did not resume work until November 6. He worked until March 16, 2019, when he decided he could no longer do his job. As a result, Enterprise terminated him for job abandonment.

Enterprise denied Mr. Johnson's claim, contending that his injuries resulted from horseplay involving a prank he played on Ms. Dimce as she backed from the wash bay. He gestured and yelled, "You hit Darla" (their co-worker). According to Enterprise, Mr. Johnson's actions panicked Ms. Dimce, and she mistakenly pushed the gas, striking Mr. Johnson.

Mr. Smith testified that he told Mr. Johnson of Enterprise's horseplay rule during orientation. He described Mr. Johnson as a good employee who did his best and liked to make others laugh. Mr. Smith did not witness the accident. He knew of no other incident where Mr. Johnson engaged in horseplay, and he did not discipline Mr. Johnson after the accident. Following the accident, Mr. Smith searched for but could not find the coin Mr. Johnson described. He admitted someone could have picked up the coin without his knowledge.

Ms. Dimce testified she began working for Enterprise a month before the accident. She stated that Albanian was her native language, and she had English language barriers. Ms. Dimce testified Mr. Johnson was kind, helpful, and never pranked her before the accident. He helped Ms. Dimce with her English and her driving skills.

Ms. Dimce testified the accident occurred as she began backing from the wash bay. She understood Mr. Johnson to yell "You hit Darla" and saw him walking toward the front of the van, pointing behind it. Ms. Dimce panicked, opened her driver's door to look behind the van, and accidently hit the gas instead of the brake. The van's front driver's side door hit Mr. Johnson and knocked him into a pole.

At first, Ms. Dimce thought Mr. Johnson was "playing with her" as Darla worked inside the shop. However, when she visited Mr. Johnson in the hospital, he told her he was trying to tell her about a dollar coin lying on the ground behind the van. Ms. Dimce was unsure whether Mr. Johnson said "dollar" or "Darla." She said she had no reason not

---

[2] The emergency physician referred Mr. Johnson to a rehabilitation facility, but Enterprise denied treatment.

to believe Mr. Johnson said "dollar." She also agreed the incident was an accident and nobody meant for it to happen.

Enterprise introduced a statement from Matt Sumler, who was installing a windshield for Enterprise when the accident occurred. Mr. Sumler reported he saw Ms. Dimce back from the wash bay and Mr. Johnson yell from the front of her van. According to Mr. Sumler, Ms. Dimce struck Mr. Johnson when he jokingly ran behind the van and bent over to act like Ms. Dimce hit something.

Mr. Johnson responded with testimony that he did not "prank" Ms. Dimce, and he understood the importance of prohibiting horseplay for employee safety. He testified Ms. Dimce misunderstood him and accidently pressed the gas resulting in the accident and his injuries.

## Findings of Fact and Conclusions of Law

Mr. Johnson must prove the essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). He must present sufficient evidence that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Enterprise does not dispute that the incident occurred and Mr. Johnson was injured but argues the injury was the result of non-compensable "horseplay." The Tennessee Supreme Court characterized horseplay resulting in injury as willful misconduct. *Roberts v. Kroger Co.*, 832 S.W.2d 538, 541 (Tenn. 1992). Under Tennessee Code Annotated section 50-6-110(a)(1) (2018), no compensation shall be allowed for an injury due to an employee's "willful misconduct."

In *Mitchell v. Fayetteville Pub. Utils.*, 368 S.W.3d 442, 453 (Tenn. 2012), the high court outlined the following four-point analysis of willful misconduct: (1) the employee's actual, as opposed to constructive notice of the rule; (2) the employee's understanding of the danger involved in violating the rule; (3) the employer's bona fide enforcement of the rule; and (4) the employee's lack of a valid excuse for violating the rule.

Applying these factors, the Court finds Mr. Johnson had notice that Enterprise prohibited horseplay, demonstrated by his own admission and the testimony of his supervisor. Mr. Johnson also said he understood the danger involved in horseplay at Enterprise. Although Mr. Smith said he disciplined employees engaged in horseplay, the Court finds he spoke in generalities and later confirmed he never disciplined Mr. Johnson for horseplay before or after the incident. Further, common sense dictates that a horseplay defense does not apply if an employer failed to prove horseplay occurred.

3

The Court recognizes that credibility is an integral issue in this case and finds Mr. Johnson, Ms. Dimce, and Mr. Smith credible witnesses. They testified calmly and confidently and were reasonable and forthcoming. *See Kelly v. Kelly,* 445 S.W.3d 685, 694-95 (Tenn. 2014). Mr. Sumler's statement, in contrast, is suspect, as it portrayed a completely different account from the other witnesses and placed Mr. Johnson behind the van. None of the other witnesses placed him there. Ms. Dimce and Mr. Johnson described impact by the driver's door. Although Mr. Smith did not observe the impact, he located Mr. Johnson on the bay floor four or five feet to the side of the driver's door. The Court finds Mr. Sumler's statement lacks credibility and gives it no weight.

Based on all the evidence, the Court cannot conclude that Mr. Johnson's injuries resulted from horseplay. The evidence established his injuries resulted from Ms. Dimce's improper driving and a miscommunication: he said "dollar," and she thought he said "Darla." Enterprise failed to prove Mr. Johnson engaged in willful misconduct. Thus, the Court finds Mr. Johnson is likely to prevail at a hearing on the merits.

Mr. Johnson established entitlement to the medical expenses he incurred for treatment of his injuries. After his supervisor called 9-1-1, an ambulance transported him to the hospital, where he remained until August 29. According to his medical records, Mr. Johnson sustained substantial lacerations to his face and head, fractured vertebrae, and disk extrusions. The medical records also contain two follow-up visits, September 20 and October 4, for his work injuries.[3] The medical expenses Mr. Johnson incurred for his injuries are justified, reasonable and necessary. The Court finds Mr. Johnson is likely to prevail at a hearing on the merits regarding entitlement to payment of his medical bills.

To receive temporary disability benefits, Mr. Johnson must show (1) he became disabled from work due to a compensable injury; (2) a causal connection exists between the injury and his inability to work; and (3) the specific duration of his disability. *Jones v. Crencor*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Here, the medical proof established Mr. Johnson received inpatient care from August 20 to August 29 and was excused from work from September 20 to October 20 for a total of five weeks and five days. Therefore, the Court holds Mr. Johnson proved entitlement to $885.95 in temporary total disability at this time. (Five weeks x $155.04 = $775.20, and five days x $22.15 per day = $110.75 ).[4]

**IT IS, THEREFORE, ORDERED** as follows:

---

[3] The Court accepted the medical bills submitted by Mr. Johnson for identification only. However, the Court finds the dates of service correspond with his hospital stay and first follow-up visit. Thus, the Court allows the bills marked exhibit 3 into evidence for the limited purpose of reconciling the dates of service to the medical expenses Mr. Johnson claims.

[4] Mr. Johnson did not prove work status from August 30 until September 19.

4

1. Enterprise shall pay for reasonable and necessary medical care Mr. Johnson incurred for inpatient treatment from August 20 to August 29, 2018, and two follow-up visits on September 20 and October 4 under Tennessee Code Annotated section 50-6-204.

2. Enterprise shall provide Mr. Johnson a panel of physicians from which he may select an authorized treating physician for reasonable and necessary treatment of his work-related injuries under Tennessee Code Annotated section 50-6-204(a)(1)(A).

3. Enterprise shall pay Mr. Johnson temporary total disability benefits of $885.95 under Tennessee Code Annotated section 50-6-207(1)(A).

3. This case is set for a Status Hearing on **November 4, 2019, at 9:00 a.m. Central Time. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Hearing. Failure to call might result in a determination of the issues without your participation.**

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

      **ENTERED September 25, 2019.**

                _____

                **JUDGE DEANA C. SEYMOUR**
                **Court of Workers' Compensation Claims**

# Appendix

Exhibits:
1. Regional One medical records
2. Regional One record dated September 20, 2018
3. Regional One bills (Collective) (ID only/limited purpose)
4. Drawing of car and scene from Mr. Johnson's deposition
5. Drawing of car and scene from Ms. Dimce's deposition
6. Declaration of Matt Sumler
7. Mr. Johnson's responses to Enterprise's Request for Admissions

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing with Mr. Johnson's Affidavit
4. Agreed Order Continuing Expedited Hearing Date
6. Employer's Tenn. Comp. R & Regs. 0800-02-21-.14(b) Disclosures
7. Employer's Expedited Hearing Brief
8. Employee's Pre-Expedited Hearing Submissions
9. Order on Enterprise Rent-A-Car's Motion to Compel Discovery

## CERTIFICATE OF SERVICE

I certify a copy of this Order was sent to the parties as indicated on September 25, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Emily Bragg, Employee's attorney | | | X | ebragg@forthepeople.com |
| Chris Rowe, Employer's attorney | | | X | cgrowe@mijs.com |

_____
Penny Shrum, Court Clerk
Court of Workers' Compensation Claims
wc.CourtClerk@tn.gov

6



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐  Temporary disability benefits
☐  Medical benefits for current injury
☐  Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries        $ _____ per month     Telephone      $ _____ per month

Electricity      $ _____ per month     School Supplies $ _____ per month

Water            $ _____ per month     Clothing       $ _____ per month

Gas              $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support  $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____     (FMV) _____

Other                 $ _____     Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____